RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 1 4 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

Ms. DeJhana Fletcher,

Plaintiff, pro se,

v.

Delta Air Lines, Inc.,

Defendant.

Civil Action No. **1:26-CV-0219**

JURY TRIAL DEMANDED

**COMPLAINT**

Plaintiff Ms. DeJhana Fletcher ("Plaintiff"), proceeding pro se, brings this action against

Defendant Delta Air Lines, Inc. ("Delta" or "Defendant"), and alleges as follows:

**I. JURISDICTION AND VENUE**

1. This action arises under the Americans with Disabilities Act of 1990, as amended, 42

   U.S.C. § 12101 et seq. ("ADA").

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343

   because this action arises under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the unlawful

   employment practices complained of occurred within the Northern District of Georgia,

including at Hartsfield-Jackson Atlanta International Airport, where Plaintiff was employed.

## II. PARTIES

4. Plaintiff Ms. DeJhana Fletcher is an adult resident of Clayton County, Georgia, residing at 145 S McDonough St, 30A, Jonesboro, Georgia 30236.

5. Defendant Delta Air Lines, Inc. is a corporation engaged in interstate commerce and an employer within the meaning of the ADA, employing more than fifteen (15) employees, and doing business in the State of Georgia.

## III. ADMINISTRATIVE EXHAUSTION

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 410-2025-07134, alleging disability discrimination, failure to accommodate, retaliation, and constructive discharge.

7. On January 8, 2026, the EEOC issued Plaintiff a Notice of Right to Sue.

8. This action is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue. All administrative prerequisites to suit have been satisfied.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff was employed by Delta at Hartsfield-Jackson Atlanta International Airport and performed her duties in good standing.

10. In or about March 2025, Plaintiff experienced a severe and traumatic incident involving multiple law-enforcement officers, resulting in significant mental and emotional distress.

11. As a result of this trauma, Plaintiff sought mental-health treatment and support through Spring Health, Delta's mental-health service provider.

12. On or about March 17–18, 2025, Plaintiff formally requested mental-health leave as a reasonable accommodation through Delta's third-party leave administrator, Sedgwick.

13. Plaintiff's request constituted protected activity under the ADA and placed Delta on notice of Plaintiff's disability and need for accommodation.

14. On or about March 21, 2025, while Plaintiff's accommodation request was pending, Delta suspended Plaintiff without pay.

15. Delta did not deny Plaintiff's accommodation request and did not inform Plaintiff that the request had been approved.

16. On March 24, 2025, while suspended without pay, unaware that her accommodation had been approved, and under fear of termination and reputational harm, Plaintiff submitted a resignation email.

17. On April 2, 2025, Plaintiff spoke with a myDelta agent who informed Plaintiff that her mental-health leave had, in fact, been approved. Plaintiff possesses an audio recording of this call.

18. At no time prior to Plaintiff's resignation did Delta notify Plaintiff that her accommodation request had been approved.

19. On April 3, 2025, Plaintiff received a telephone call from her supervisor, Pittman, who stated that Delta had decided to accept Plaintiff's resignation in lieu of termination.

20. During that call, Pittman stated that he was unaware of any approved leave and referenced only an internal Delta email.

21. On or about April 7, 2025, Plaintiff received a formal separation letter dated April 4, 2025, confirming Delta's acceptance of her resignation in lieu of termination.

22. Delta never reinstated Plaintiff to leave status, never paid Plaintiff during the suspension period, and never provided Plaintiff the benefit of the approved accommodation.

23. Delta's actions created working conditions so intolerable that a reasonable person would feel compelled to resign.

24. Plaintiff's resignation was therefore not voluntary but constituted a constructive discharge.

25. As a direct and proximate result of Defendant's actions, Plaintiff has suffered lost wages, loss of future earning capacity, emotional distress, and other damages.

## V. CLAIMS FOR RELIEF

### COUNT I – Failure to Accommodate (ADA)

26. Plaintiff incorporates by reference paragraphs 1 through 25.

27. Plaintiff was a qualified individual with a disability within the meaning of the ADA.

28. Plaintiff requested a reasonable accommodation in the form of mental-health leave.

29. Delta failed to reasonably accommodate Plaintiff by suspending her without pay and failing to implement the approved accommodation.

30. Defendant's conduct violated 42 U.S.C. § 12112(b)(5)(A).

## COUNT II – Disability Discrimination (ADA)

31. Plaintiff incorporates by reference paragraphs 1 through 30.

32. Plaintiff was subjected to adverse employment actions, including suspension without pay and constructive discharge, because of her disability.

33. Defendant's conduct violated 42 U.S.C. § 12112(a).

## COUNT III – Retaliation (ADA)

34. Plaintiff incorporates by reference paragraphs 1 through 33.

35. Plaintiff engaged in protected activity by requesting a disability accommodation.

36. Defendant retaliated against Plaintiff by suspending her without pay, withholding material information, and forcing her resignation.

37. Defendant's conduct violated 42 U.S.C. § 12203(a).

## COUNT IV – Constructive Discharge

38. Plaintiff incorporates by reference paragraphs 1 through 37.

39. Defendant knowingly created intolerable working conditions through economic pressure, misinformation, and the threat of termination.

40. Plaintiff's resignation was the foreseeable result of Defendant's unlawful actions.

41. Plaintiff was constructively discharged in violation of the ADA.

## VI. DAMAGES

42. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered:

- Loss of income and employment benefits

- Front pay in lieu of reinstatement

- Emotional distress and mental anguish

- Other compensatory damages

43. Plaintiff seeks compensatory damages, including front pay, back pay, and damages for emotional distress, **in an amount to be determined by the jury but believed to exceed $300,000**, exclusive of interest and costs.

## VII. JURY DEMAND

44. Plaintiff demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Enter judgment in favor of Plaintiff and against Defendant;

b. Award front pay in lieu of reinstatement;

c. Award back pay and lost benefits;

d. Award compensatory damages in an amount to be determined by the jury but believed to

exceed $300,000;

e. Award declaratory relief;

f. Award costs of suit; and

g. Grant such other and further relief as the Court deems just and proper.


Respectfully submitted,

Ms. DeJhana Fletcher
Plaintiff, pro se
145 S McDonough St, 30A
Jonesboro, GA 30236
(404) 447 -6320
fletcherdejhana1@gmail.com



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Atlanta District Office**
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 01/08/2026

**To:** Ms. DeJhana Fletcher
145 S McDonough St 30A
JONESBORO, GA 30236
Charge No: 410-2025-07134

EEOC Representative and email:    SHERESA SHERMAN
INVESTIGATOR
SHERESA.SHERMAN@EEOC.GOV

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 410-2025-07134.

On behalf of the Commission,

Digitally Signed By:Darrell E. Graham
01/08/2026

Darrell E. Graham
District Director

**Cc:**
Kathleen Mones
Mones Law, P.C.
191 Peachtree Street NE Ste. 3950
Atlanta, GA 30303

Erin Harris
Delta Airlines INC
1030 Delta BLVD Dept 981
Atlanta, GA 30320

NA NA
Delta Air Lines
1030 Delta blvd
ATLANTA, GA 30354


Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

**HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS**

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 410-2025-07134 to the District Director at Darrell E. Graham, 100 Alabama Street, SW Suite 4R30, Atlanta, GA 30303.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 410-2025-07134 to the District Director at Darrell E. Graham, 100 Alabama Street, SW Suite 4R30, Atlanta, GA 30303.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- **Only one** major life activity need be substantially limited.

- Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

Enclosure with EEOC Notice of Closure and Rights (05/25)

**are not considered** in determining if the impairment substantially limits a major life activity.

☐ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

☐ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

☐ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

☐ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

☐ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability."

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.



EEOC ATDO
Received 03/25/2025

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### CHARGE OF DISCRIMINATION

EEOC Form 5A (August 2023)

For Official Use Only – Charge Number:
**410-2025-07134**

| | |
|---|---|
| **Personal Information** | First Name: **DeJhana**    MI: **C**    Last Name: **Fletcher**<br>Address: **145 S McDonough St**    Apt.: **30A**<br>City: **Jonesboro**    County: **Clayton**    State: **GA**    Zip Code: **30236**<br>Phone: **4044476320**    Home ☐ Work ☐ Cell ☑    Email: **fletcherdejhana1@gmail.com** |
| **Who do you think discriminated against you?** | Employer ☑    Union ☐    Employment Agency ☐    Other Organization ☐<br>Organization Name: **Delta Air Lines, Inc.**<br>Address: **1030 Delta Blvd**    Suite: _____<br>City: **Atlanta**    State: **GA**    Zip Code: **30354**    Phone: _____ |
| **Why you think you were discriminated against?** | Race ☐    Color ☐    Religion ☐    Sex ☐    National Origin ☐    Age ☐    Pregnancy ☐<br><br>Disability ☑    Genetic Information ☐    Retaliation ☑    Other ☑ (specify) Constructive Discharge |
| **What happened to you that you think was discriminatory?** | Date of <u>most recent job action</u> you think was discriminatory: **4/4/25**<br>Also describe briefly <u>each job action</u> you think was discriminatory and when it happened (estimate).<br>On February 26, 2025, I was involved in an off-duty incident in which I was physically removed from my vehicle by three police officers. I promptly reported and explained the incident to Delta Air Lines, including matters related to my private and personal life. After being honest and cooperative, Delta placed me on suspension pending documentation. I timely provided all requested information, including identification documents, driving history, and verification showing no active restrictions. I requested mental health leave on March 17, 2025, and March 21, 2025, Supervisor Jeffery Pittman, informed me that I was suspended without pay. I was subjected to constructive discharge conditions, including loss of income, lack of clear communication, and continued uncertainty regarding my employment status. On April 4, 2025, I received termination decision letter from Delta Air Lines, Inc., and believe the decision was discriminatory and retaliatory employment actions. |
| **Signature and Verification** | I understand this charge will be filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address, phone, or email. I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I understand by signing below that I am filing a charge of employment discrimination with the EEOC. I understand that the EEOC is required by law to give a copy of the charge, which includes my allegations and my name, to the organization named above. I also understand that the EEOC can only investigate charges of job discrimination based on race, color, religion, sex, national origin, age, disability, genetic information, or based on retaliation for filing a charge of job discrimination, participating in an investigation of a job discrimination complaint, or opposing job discrimination.<br><br>I declare under penalty of perjury that the above is true and correct.<br>Signature: _DFletcher_    Date: **3/25/25** |